B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Harold B. Murphy, Chapter 7 Trustee of Barry Wisner Chapin | **DEFENDANTS**<br>United States of America, Department of the Treasury, Internal Revenue Service, Massachusetts Department of Revenue, Barry Wisner Chapin, Ferris Development Group, LLC, and City of Boston |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Charles R. Bennett, Jr., Esq.<br>Murphy & King, Professional Corporation<br>One Beacon Street<br>Boston, MA 02108<br>(617) 423-0400 Fax: (617) 423-0498 | **ATTORNEYS** (If Known)<br>David G. Baker<br>236 Huntington Avenue, Ste. 317<br>Boston, MA 02115<br>(617) 340-3680<br>Fax : (866) 661-5328<br>(Attorney for the Debtor)<br><br>Matthew J. Russell, Esq.<br>Ferris Development Group, LLC<br>325 Donald Lynch Boulevard, Suite 200<br>Marlborough, MA 01752<br>(Attorney for Ferris Development Group, LLC) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor [ ] Other<br>[X] Trustee | **PARTY** (Check One Box Only)<br>[X] Debtor [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
**This action is for relief pursuant to the equitable doctrine of marshalling, and 11 U.S.C. §§ 522 and 544, so as to establish the order of priority and distribution with respect to proceeds from the Trustee's liquidation of several of the Debtor's real properties. This action is also brought to avoid the mortgages granted by the Debtor to Ferris Development Group, LLC pursuant to 11 U.S.C. § 547 and preserve the liens created by the mortgages for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551. This is a core proceeding pursuant to 28 U.S.C. §157(A), (F), (N) and (O).**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[**3**] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[**1**] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[**2**] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

B1040 (FORM 1040) (12/15)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ **Undetermined** |

Other Relief Sought
**Equitable relief, declaratory judgment and avoidance and preservation of preferential mortgages**

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| **Barry Wisner Chapin** | **20-10324** |

| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| **District of Massachusetts** | **Eastern** | **Hon. Janet E. Bostwick** |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

/s/ Charles R. Bennett, Jr.

**Charles R. Bennett, Jr. (BBO #037380)**

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 4/8/2020 | **Charles R. Bennett, Jr.** |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# M UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>BARRY WISNER CHAPIN,<br><br>                 Debtor. | Chapter 7<br>Case No. 20-10324-JEB |
| HAROLD B. MURPHY AS HE IS THE CHAPTER 7 TRUSTEE OF BARRY WISNER CHAPIN,<br><br>                 Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, MASSACHUSETTS DEPARTMENT OF REVENUE, BARRY WISNER CHAPIN, FERRIS DEVELOPMENT GROUP, LLC, and<br>CITY OF BOSTON,<br><br>                 Defendants. | Adversary Proceeding<br>No. _____ |

## COMPLAINT

Harold B. Murphy as he is the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Barry Wisner Chapin (the "**Debtor**" or "**Chapin**") brings this action for relief pursuant to the equitable doctrine of marshalling so as to compel a liquidation of the Debtor's property to maximize the recovery to the Estate and establish the priority of distribution with respect to proceeds resulting from the liquidation of the Debtor's real properties. The Trustee seeks to compel the United States of America, Department of the Treasury, Internal Revenue Service ("**Internal Revenue Service**") and Massachusetts Department of Revenue to marshall

1

773075

by enforcing their respective liens against the Debtor's real property located at 34 Fairfield Street, Apartment 2, Boston, Massachusetts, so as to maximize the value of the Estate's interest in the Debtor's remaining real properties. The Trustee asserts he is entitled to a marshalling order because the order by which the Internal Revenue Service and the Massachusetts Department of Revenue monetize their respective liens will materially affect the amount of equity from the real properties available to the Estate.

The Trustee further seeks to avoid the mortgages granted by the Debtor to Ferris Development Group, LLC on each of his properties as preferential pursuant to 11 U.S.C. § 547 while preserving the liens created by the mortgages for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551.

## PARTIES AND JURISDICTION

1. The Plaintiff Trustee is Harold B. Murphy as he is the duly appointed and acting Chapter 7 Trustee of Barry Wisner Chapin.

2. The Defendant Internal Revenue Service is an agency of the Department of the Treasury, United States of America with a place of business at 1111 Constitution Ave., N.W., Washington, D.C. 20224.

3. The Defendant Massachusetts Department of Revenue is an agency of the Commonwealth of Massachusetts with a place of business at 100 Cambridge Street, Boston, Massachusetts 02114.

4. The Defendant Barry Wisner Chapin is the Debtor, having commenced a voluntary Chapter 7 proceeding on February 4, 2020.

2

5. The Defendant Ferris Development Group, LLC is a limited liability corporation duly organized under the laws of the Commonwealth of Massachusetts with a usual place of business at 325 Donald Lynch Boulevard, Suite 200, Marlborough, Massachusetts 01752 ("**Ferris**").

6. The Defendant City of Boston is a duly organized municipality with a place of business at One City Hall Square, Boston, Massachusetts 02201-2013 ("**City of Boston**").

7. This Court has jurisdiction over the subject matter of the action, pursuant to 28 U.S.C. 1334 and 28 U.S.C. § 157. This is a core proceeding, pursuant to 28 U.S.C. §157(A), (F), (N) and (O). This venue is proper in this jurisdiction, pursuant to 28 U.S.C. § 1408.

## FACTUAL STATEMENT

8. Pursuant to the Debtor's Schedules, the Debtor is the owner of the following properties:

    a. A certain condominium unit in the 32-34 Fairfield Street Condominium identified as 34 Fairfield Street, Apartment 2, Boston, Massachusetts 02116 ("**Fairfield**");

    b. A certain condominium unit in Carlton Gardens Condominiums identified as 147 Milk Street, No. 15, Westborough, Massachusetts ("**Westborough No. 15**");

    c. A certain condominium unit known and numbered as 155 Milk Street, Apartment 3, Westborough, Massachusetts 01581 ("**Westborough No. 3**"); and

    d. A certain condominium unit in Astor Condominiums identified as 225 Northeast First Street, No. 406, Delray Beach, Florida (the "**Astor Unit**"). Pursuant to the order of the Probate and Family Court dated March 13, 2012 (the "**Probate Court Order**") incorporating the separation agreement between the Debtor and his ex-spouse, the Debtor retained the Astor Unit as his sole property, free and clear of any right, title and interest of his

ex-wife. Also pursuant to the Probate Court Order, the Debtor was to refinance the mortgage on the Astor Unit into his individual name and his ex-wife was to execute a deed conveying the Astor Unit to the Debtor. This has not yet occurred, and as such, the Debtor's ex-spouse remains on the title.

9. On information and belief, the Fairfield property has a value of $978,842 and is subject to the following liens:

  a. 32-34 Fairfield Street Condominium................................$23,000.00

  b. Hingham Institute for Savings........................................$523,381.00

  c. Internal Revenue Service................................................$350,032.50

  d. Massachusetts Department of Revenue............................$41,307.50

  e. Ferris ...............................................................................$55,571.28

  f. City of Boston.................................................................Unknown

10. With respect to the obligations set forth above for the Internal Revenue Service, the Debtor has scheduled the Internal Revenue Service as the holder of an unsecured, priority claim in the amount of $327,000. Based upon his review, however, the Trustee believes that the claim of the Internal Revenue Service holds a secured claim against each of the Debtor's properties in the approximate amount of $350,000.

11. Astor has a value of approximately $650,000 and is subject to the following liens:

  a. Astor Condominium Assoc. .............................................$ 3,496.24

  b. Columbus BB &T /Synovus Bank..................................$281,988.00

  b. Internal Revenue Service................................................$350,032..50

  c. Ferris ...............................................................................$61,571.28

4

12. Westborough No. 15 is believed to have a value of $165,827 and is subject to the following liens:

    a. Carlton Gardens Condominium Association ..................$30,000.00

    b. Freedom Mortgage......................................................$114,783.52

    c. Internal Revenue Service ............................................$350,032.50

    d. Massachusetts Department of Revenue .........................$41,307.50

    e. Ferris .........................................................................$55,571.28

13. Westborough No. 3 is believed to have a value of approximately $170,000 and is subject to the following liens:

    a. Freedom Mortgage……………………………………$106,000.00

    b. Internal Revenue Service ............................................$350,032.50

    c. Massachusetts Department of Revenue .........................$41,307.50

    d. Ferris Development......................................................$55,571.28

14. The Debtor was also the owner of a certain condominium unit in Ocean City Lofts located at 185 Northeast Fourth Avenue, No. 210, Delray Beach, Florida 33444 (the "**Ocean City Unit**").

15. The Trustee has been informed that the Ocean City Loft Condominium Association has foreclosed on its lien for unpaid condominium fees and the Ocean City Unit has been sold for an amount in excess of the condominium fees owed. Upon information and belief, the Association is holding the excess proceeds pending a determination as to priority of interest in the proceeds.

16. The Trustee believes the following entities claim an interest in the proceeds from the sale of the Ocean City Unit:

  a. Synovus Bank/Dovenmuehle........................................$160,626.01

  b. Internal Revenue Service .............................................$350,032..00

  c. Ferris Development......................................................$61,571.28

17. Internal Revenue Service asserts liens on all of the real property of the Debtor. The Massachusetts Department of Revenue asserts a lien on the Fairfield property and each of Westborough No. 3 and Westborough No. 15.

18. The order in which the Debtor's real properties are liquidated and the proceeds from such a liquidation are distributed will determine whether there is equity in the property for the benefit of the Estate.

19. On December 26, 2019, Ferris obtained a lien on certain real property of the Debtor by recording mortgages on the Fairfield, Westborough No. 3 and Westborough No. 15 properties (the "**Massachusetts Mortgages**").

20. On January 15, 2020, Ferris obtained a lien on real property of the Debtor by recording mortgages on the Ocean City Unit and the Astor Unit properties (the "**Florida Mortgages**").

## COUNT I

**(For A Judgment To Compel The Internal Revenue Service And The Massachusetts Department Of Revenue To Marshall)**

21. The Trustee realleges and repeats the allegations contained above and by reference incorporates them herein.

22. The Trustee, by reason of the rights granted to him pursuant to 11 U.S.C. § 544(a), has the rights and powers of a hypothetical lien creditor with respect to the real properties of the Debtor.

23. The Trustee and the Internal Revenue Service assert liens on all of the Debtor's real property and an interest in the proceeds from the sale of the Astor Unit. The Trustee, Internal Revenue Service and the Massachusetts Department of Revenue each assert a lien on the property of the Debtor located in Massachusetts.

24. The real properties specified in paragraph 8(a)-(d) above and the proceeds from the sale of the Ocean City Unit are property of the Estate.

25. Pursuant to 11 U.S.C. §522(c)(2)(B), the Internal Revenue Service and Massachusetts Department of Revenue can sell the Fairfield Street property free and clear of the Debtor's homestead and are entitled to the proceeds from the sale of the Fairfield Street property prior to payment to the Debtor on account of the homestead.

26. If the Internal Revenue Service and the Massachusetts Department of Revenue receive proceeds from the sale of the Debtor's properties other than from the Fairfield property, and satisfy or substantially satisfy their obligations from those proceeds, the Estate's interest in the Fairfield Street property will be subject to the Debtor's homestead exemption, and the equity created in the Fairfield Street property will benefit only the Debtor, to the substantial detriment of the Estate.

27. Compelling the Internal Revenue Service and the Massachusetts Department of Revenue to satisfy their liens from the sale of the Fairfield property prior to seeking satisfaction of the liens from any sale of the Debtor's other properties will not impair the Internal Revenue Service or the Massachusetts Department of Revenue's rights to obtain satisfaction of their obligations in full.

28. Compelling such a priority of distribution will substantially benefit the Estate by the resulting equity in the proceeds from the sale of the Debtor's other assets.

29. Compelling the foregoing priority distribution from the sale of the assets will not result in any injustice to the Debtor or any third persons.

30. Conversely, to allow the Internal Revenue Service and the Massachusetts Department of Revenue to receive a priority distribution as against the Debtor's properties other than from the Fairfield property will result in a windfall for the Debtor because his homestead exemption is currently subject to the liens of the Internal Revenue Service and the Massachusetts Department of Revenue. Allowing payment by the Internal Revenue Service and the Massachusetts Department of Revenue from properties other than the Fairfield property will create equity in the Fairfield property for the Debtor's sole benefit, and cause the unsecured creditors to receive a significantly reduced portion of available funds.

31. Nor will requiring the Internal Revenue Service and the Department of Revenue to proceed against the Fairfield Street property first result in any prejudice to Ferris because its liens on the Debtor's property are avoidable as preferential transfers. Accordingly, the Trustee requests that the Court exercise its equitable powers to compel the Internal Revenue Service and the Massachusetts Department of Revenue to marshal their collateral and proceed first to enforce their lien against the Fairfield property so as to maximize the value that the Estate will receive from the sale of the Debtor's property, to the benefit of the Estate's creditors.

## **COUNT II**

**(For Declaratory Relief)**

32. The Trustee repeats and realleges the allegations contained above and by reference incorporates them herein.

33. To the extent the Internal Revenue Service, the Massachusetts Department of Revenue, Ferris or the Debtor oppose the Trustee's request that the Internal Revenue Service and

8

the Massachusetts Department of Revenue first enforce their liens against the Fairfield Street property, an actual controversy exists for which the Trustee is entitled to a Declaratory Judgment compelling the Internal Revenue Service and the Massachusetts Department of Revenue to marshall.

### COUNT III

**(Against Ferris To Avoid Mortgages As A Preference And Preserve Those Liens For The Benefit Of The Estate)**

34. The Trustee repeats and realleges the allegations contained above and by reference incorporates them herein.

35. The Massachusetts Mortgages and the Florida Mortgages (collectively, "**the Mortgages**") were granted by the Debtor to Ferris within ninety (90) days of the commencement of the Debtor's chapter 7 case at a time when the Debtor was insolvent.

36. The Mortgages secured antecedent unsecured debt or primarily antecedent of the Debtor to Ferris.

37. To the extent that the Mortgages did not secure debt on account of contemporaneous value provided to the Debtor, the Mortgages will allow Ferris to recover more than it otherwise would have received if the Mortgages had not been granted and Ferris received a distribution as an unsecured creditor in this Chapter 7 case.

38. The Trustee may avoid the Mortgages granted to Ferris in whole or in part pursuant to 11 U.S.C. § 547 while preserving the liens created by the Mortgages for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551 of the Bankruptcy Code.

WHEREFORE, Harold B. Murphy, as he is the Trustee of the Chapter 7 Estate of Barry Chapin, respectfully prays as follows:

9

773075

1. The Court enter Judgment for the Trustee under Count I compelling the Internal Revenue Service and the Massachusetts Department of Revenue to satisfy the obligations owed to them by proceeding first to enforce their liens against the Fairfield property;

2. The Court enter a Declaratory Judgment determining that the Trustee may compel the Internal Revenue Service and the Massachusetts Department of Revenue to marshall and seek to satisfy their obligations first by foreclosing on their lien on the Fairfield property before looking to any other property of the Debtor.

3. The Court enter judgment for the Trustee under Count III avoiding the Mortgages of Ferris and preserving the avoided liens for the benefit of the Bankruptcy Estate.

4. For such other relief this Court deems just and proper.

          Respectfully Submitted,

          /s/ *Charles R. Bennett, Jr.*
          Harold B. Murphy (BBO #326610)
          Charles R. Bennett, Jr. (BBO #037380)
          Kathleen R. Cruickshank (BBO #550675)
          Murphy & King, P.C.
          One Beacon Street
          Boston, MA  02108
          (617) 423-0400
          hmurphy@murphyking.com
          cbennett@murphyking.com
          kcruickshank@murphyking.com

Dated: April 10, 2020

773075