UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Barry Wisner Chapin<br><br>Debtor | Chapter 7<br>Case No. 20-10324-JEB |
| Harold B. Murphy as he is the Chapter 7 trustee of Barry Wisner Chapin,<br><br>Plaintiff,<br>v.<br>Barry Wisner Chapin, et al,<br><br>Defendants | ADVERSARY PROCEEDING<br>No. 20-01050 |

## ANSWER OF BARRY WISNER CHAPIN

NOW COMES Barry Wisner Chapin, by his attorney, and answers the complaint as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted upon information and belief.
6. Admitted.
7. Admitted.

## FACTUAL STATEMENT

8. Admitted.
9. Assuming that the allegation as to the liens is based on a review of the records at the Registry of Deeds, admitted except as to the amounts, as to which Chapin lacks knowledge or information sufficient to respond.
10. Upon information and belief, the Internal Revenue Service has filed a Proof of Claim for a much larger amount.
11. Assuming that the allegation as to the liens is based on a review of the records at the Registry of Deeds, admitted except as to the amounts, as to which Chapin lacks knowledge or information sufficient to respond.
12. Assuming that the allegation as to the liens is based on a review of the records at the Registry of Deeds, admitted except as to the amounts, as to which Chapin lacks knowledge or information sufficient to respond.
13. Assuming that the allegation as to the liens is based on a review of the records at the Registry of Deeds, admitted except as to the amounts, as to which Chapin lacks knowledge or information sufficient to respond.
14. Admitted.
15. Admitted upon information and belief.
16. Chapin lacks knowledge or information sufficient to admit or deny this allegation.
17. Admitted upon information and belief.
18. Chapin lacks knowledge or information sufficient to admit or deny this legal conclusion.
19. Assuming that the allegation is based on a review of the records at the Registry of Deeds, admitted.
20. Assuming that the allegation is based on a review of the Florida land records, admitted.

## COUNT I

21. Chapin realleges and repeats his answers, above.
22. Admitted as a legal proposition.
23. Assuming that the allegation is based on a review of the relevant land records, admitted.
24. Admitted.
25. This is a legal conclusion with which Chapin does not necessarily agree.
26. This is a legal conclusion with which Chapin does not necessarily agree. In Massachusetts, "Homestead laws are designed to benefit the homestead declarant and his or her family by protecting the family residence from the claims of creditors." Shamban v. Masidlover, 429 Mass. 50 (1999). The exemption is to be construed liberally in favor of the declarant and his or her family. Id.
27. This is a legal conclusion which Chapin can neither admit nor deny.
28. This is a legal conclusion which Chapin can neither admit nor deny.
29. Denied as to Chapin since the Fairfield property is his home.
30. This is a legal conclusion with which Chapin does not necessarily agree. In Massachusetts, "Homestead laws are designed to benefit the homestead declarant and his or her family by protecting the family residence from the claims of creditors." Shamban v. Masidlover, 429 Mass. 50 (1999). The exemption is to be construed liberally in favor of the declarant and his or her family. Id.
31. This is a legal conclusion and/or statement of the relief requested, which Chapin can neither admit nor deny.

## COUNT II

32. Chapin repeats and realleges his answers above.
33. This is a legal conclusion which Chapin can neither admit nor deny.

## COUNT III

34. Chapin repeats and realleges his answers above.
35. Admitted.
36. This is a legal conclusion which Chapin can neither admit nor deny.
37. This is a legal conclusion which Chapin can neither admit nor deny.
38. This is a legal conclusion which Chapin can neither admit nor deny.

WHEREFORE Chapin requests that the court grant him relief appropriate to the facts and law as developed after discovery and/or at trial.

## COUNTER- AND CROSS-CLAIMS

1. In essence, the trustee's complaint seeks to have all secured creditors collect their secured debts to the maximum extent possible from Chapin's home before any recovery from the properties other than his home.
2. Chapin recorded a homestead declaration on November 25, 2015.
3. Under Massachusetts law, a homestead is an estate in land.
4. A review of the relevant land records indicates that not all of the liens have been properly perfected against all of Chapin's properties.
5. The liens other than mortgages appear to be state or federal tax or child support liens.
6. It appears that the trustee is asserting that some of the tax liens are effective against all of the properties.
7. Under Massachusetts law, however, the lien must be recorded in the appropriate Registry of Deeds in order to be effective against mortgagees
8. Upon information and belief, the Massachusetts Department of Revenue did not record its income tax lien against any property other than Chapin's home on Fairfield Street.

9. Its Child Support Unit, by contrast, apparently did record its lien against all of the Massachusetts properties. The trustee is including the same liens in more than one property.
10. Likewise, the Internal Revenue Service recorded its lien against all of the Massachusetts properties, as well as the condo unit known as Astor #406 in Florida.
11. The trustee asserts that by employing the equitable doctrine of marshalling and requiring that the lien holders recover their claims from Chapin's home, he will be able to produce funds for payment of unsecured creditors.
12. "Under the equitable doctrine of marshaling, a senior encumbrancer whose claim is secured by two funds, one of which is also claimed by a junior creditor, may be required to pursue his claim against the fund not subject to the encumbrance of another, provided he may do so without detriment to himself." Charles Constr. Co., Inc. v. Leisure Resources, 1 Mass. App. Ct. (1974). *See also* In re Beacon Distributors, Inc., 441 F. 2d 547 (1st Cir. 1971).
13. However, "marshalling can only be successfully invoked in limited circumstances, one of which is that both funds are held by the debtor." In re John I. Paulding, Inc., 76 BR 7 (Bankr. D. Mass. 1987), citing Charles Constr. Co.
14. It is not appropriate to employ the doctrine when it would destroy a homestead exemption. Meyer v. United States, 375 US 233 (1963). *See also* In re Schantz, 2017 Bankr. LEXIS 2207 (Bankr. N.D. Iowa 2017) (relying heavily on Meyer and refusing to apply marshalling when it would interfere with the value of Debtor's homestead exemption).
15. Given the trustee's admission that the taxing authorities have liens on more than one of Chapin's properties, which admission is supported by a review of the appropriate land records, Chapin asserts that it is necessary to marshall the tax liens against the properties other than his home before allowing a perfected tax lien to be asserted against his home.
16. Failure to do so would have the effect of destroying his homestead.

WHEREFORE Chapin respectfully requests that the court require the trustee and lien holders to satisfy their properly perfected liens (and only the properly perfected liens) against the properties other than his home.

May 7, 2020

Respectfully submitted,
Barry Wisner Chapin,
By debtor's attorney,

/S/    *David G. Baker*
David G. Baker, Esq.
236 Huntington Avenue, Ste. 317
Boston, MA 02115
617-340-3680
BBO# 634889

Certificate of Service

The undersigned states upon information and belief that the within Answer was served upon the entities named below by the court's CM/ECF system.

/S/    *David G. Baker*
David G. Baker

- Kathleen R. Cruickshank on behalf of Trustee Harold B. Murphy - kcruickshank@murphyking.com, bankruptcy@murphyking.com; asavoia@murphyking.com; ecf-f3829d9f3bd3@ecf.pacerpro.com

3