IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 20-10324 |
| | ) | Chapter 7 |
| BARRY WISNER CHAPIN, | ) | Judge Janet E. Bostwick |
| | ) | |
| Debtor. | ) | |
| HAROLD B. MURPHY, CHAPTER 7 TRUSTEE, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 20-01050 |
| | ) | |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, MASSACHUSETTS DEPARTMENT OF REVENUE, BARRY WISNER CHAPIN, FERRIS DEVELOPMENT GROUP, LLC, and CITY OF BOSTON, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT UNITED STATES' ANSWER TO ADVERSARY COMPLAINT**

Defendant United States of America, on behalf of the Internal Revenue Service, hereby submits its answer to Plaintiff and Chapter 7 Trustee Harold R. Murphy's complaint. (Doc. 1).

**First Defense**

The Trustee has no cause of action against the United States under 11 U.S.C. § 544(a) because such claim is barred by the United States' sovereign immunity. Although 11 U.S.C. § 106(a)(1) abrogates sovereign immunity with respect to § 544 and § 544(a)(1) gives the Trustee the same rights as a state-law judgment lien creditor, it does not expand his rights beyond that. Since a state-law judgment creditor could not bring a marshalling action against the United States, the waiver of federal sovereign immunity in § 106(a)(1) with respect to § 544 does

1

not create any basis for the Trustee to force the IRS to marshal its liens.

### Second Defense

The Trustee's marshalling complaint will be moot if the Trustee is able to sell the Debtor's residence.  The United States only objects to marshalling insofar as the Trustee seeks to require the United States to enforce its liens on the residence by pursuing them outside of bankruptcy.  If the Trustee sells the real property identified below as the "Fairfield property" as part of the bankruptcy, the United States does not have any issues with the order in which he seeks to distribute those funds; provided, however, that the United States maintains that the Court has no authority to direct how the IRS applies the portion of the proceeds that are subject to the Debtor's homestead exemption.[1]

### Third Defense

The Trustee's claim for a declaratory judgment against the United States is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201.

### Fourth Defense

The IRS is not a proper party to this case, as it cannot sue or be sued in its own name. The proper party is the United States of America.  As responding to every instance in which the Trustee treats the Internal Revenue Service as the party in interest would be unduly duplicative, the United States will, as part of its answer, treat all such instances as if the Trustee had referred to the United States rather than the IRS.

### Fifth Defense

---

[1] The United States thus reserves the right to first use exempt proceeds to satisfy penalties, although if a sale offer indicates recovery will be insufficient to satisfy the penalties, then the United States will consider agreeing voluntarily to apply some percentage of the proceeds to tax and interest so that the sale of the property will benefit the estate by reducing the balance owed on unavoidable tax liens against other estate assets.

For its fifth defense, the United States responds to the numbered paragraphs of Plaintiff's complaint, reproduced in italics below, as follows (and allegations not admitted due to lack of sufficient knowledge at this time are denied to the extent required to avoid a waiver):

### *PARTIES AND JURISDICTION*

*1.     The Plaintiff Trustee is Harold B. Murphy as he is the duly appointed and acting Chapter 7 Trustee of Barry Wisner Chapin.*

RESPONSE:  The United States admits the allegations in Paragraph 1.

*2.     The Defendant Internal Revenue Service is an agency of the Department of the Treasury, United States of America with a place of business at 1111 Constitution Ave., N.W., Washington, D.C. 20224.*

RESPONSE:  The United States admits that the Internal Revenue Service ("IRS") is an agency of the Department of the Treasury, and that the address above is the IRS's headquarters. The United States denies that the IRS is a proper party to this case, as the IRS cannot sue or be sued in its own name, and avers that the United States of America is the proper defendant.

*3.     The Defendant Massachusetts Department of Revenue is an agency of the Commonwealth of Massachusetts with a place of business at 100 Cambridge Street, Boston, Massachusetts 02114.*

RESPONSE:  The United States admits the allegations in Paragraph 3.

*4.     The Defendant Barry Wisner Chapin is the Debtor, having commenced a voluntary Chapter 7 proceeding on February 4, 2020.*

RESPONSE:  The United States admits the allegations in Paragraph 4.

*5.     The Defendant Ferris Development Group, LLC is a limited liability corporation duly organized under the laws of the Commonwealth of Massachusetts with a usual place of business at 325 Donald Lynch Boulevard, Suite 200, Marlborough, Massachusetts 01752 ("Ferris").*

RESPONSE:  The United States admits the allegations in Paragraph 3.

*6.     The Defendant City of Boston is a duly organized municipality with a place of business at One City Hall Square, Boston, Massachusetts 02201-2013 ("City of Boston").*

RESPONSE: The United States admits the allegations in Paragraph 6.

7. *This Court has jurisdiction over the subject matter of the action, pursuant to 28 U.S.C. 1334 and 28 U.S.C. § 157. This is a core proceeding, pursuant to 28 U.S.C. §157{A), (F), (N) and (O). This venue is proper in this jurisdiction, pursuant to 28 U.S.C. § 1408.*

RESPONSE: Subject to the "First Defense" above (sovereign immunity), the United States acknowledges that the Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1334 and § 157. The United States denies that this is a core proceeding under subparagraphs (F), (N), or (O) of 28 U.S.C § 157(b)(2). The United States admits that the matter concerns estate administration under subparagraph (A) to the extent that the Trustee seeks to sell the Fairfield property and denies that jurisdiction exists to require the United States to enforce its liens against the property if it is abandoned (or to deprive the United States of its lien rights in other estate assets on the premise that the United States will be able to collect by enforcing its liens on the property if it is abandoned).

*FACTUAL STATEMENT*

8. *Pursuant to the Debtor's Schedules, the Debtor is the owner of the following properties:*

a. *A certain condominium unit in the 32-34 Fairfield Street Condominium identified as 34 Fairfield Street, Apartment 2, Boston, Massachusetts 02116 ('Fairfield");*

RESPONSE: The United States admits the allegations in Paragraph 8(a).

b. *A certain condominium unit in Carlton Gardens Condominiums identified as 147 Milk Street, No. 15, Westborough, Massachusetts ("Westborough No. 15");*

RESPONSE: The United States admits that the Debtor owned Westborough No. 15 as of the petition date, but avers that property has since been sold by the Trustee.

c. *A certain condominium unit known and numbered as 155 Milk Street, Apartment 3, Westborough, Massachusetts 01581 ("Westborough No.3·"); and*

RESPONSE: The United States admits that the Debtor owned Westborough No. 3 as of

4

the petition date, but avers that property has since been sold by the Trustee.

      d.      *A certain condominium unit in Astor Condominiums identified as 225 Northeast First Street, No. 406, Delray Beach, Florida (the "Astor Unit"). Pursuant to the order of the Probate and Family Court dated March 13, 2012 (the "__Probate Court Order__") incorporating the separation agreement between the Debtor and his ex-spouse, the Debtor retained the Astor Unit as his sole property, free and clear of any right, title and interest of his ex-wife. Also pursuant to the Probate Court Order, the Debtor was to refinance the mortgage on the Astor Unit into his individual name and his ex-wife was to execute a deed conveying the Astor Unit to the Debtor. This has not yet occurred, and as such, the Debtor's ex-spouse remains on the title.*

      RESPONSE: The United States admits that the Debtor owned the Astor Unit as of the petition date, but avers that property has since been sold by the Trustee, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8(d).

      9.      *On information and belief, the Fairfield property has a value of $978,842 and is subject to the following liens:*
        *a.  32-34 Fairfield Street Condominium...........................$23,000.00*
        *b.  Hingham Institute for Savings ..................................$523,381.00*
        *c.  Internal Revenue Service............................................$350,032.50*
        *d.  Massachusetts Department of Revenue ....................$41,307.50*
        *e.  Ferris ...........................................................................$55,571.28*
        *f.  City of Boston .............................................................Unknown*

      RESPONSE: The United States admits that the above-referenced parties, with the exception of the City of Boston, all claim to have liens on the Fairfield property, admits that the United States has liens on the Fairfield property totalling $439,314.60 (not $350,032.50) as of the petition date (of which $135,275.16 constituted penalties), and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9.

      10.     *With respect to the obligations set forth above for the Internal Revenue Service, the Debtor has scheduled the Internal Revenue Service as the holder of an unsecured, priority claim in the amount of $327,000. Based upon his review, however, the Trustee believes that the claim of the Internal Revenue Service holds a secured claim against each of the Debtor's properties in the approximate amount of $350,000.*

      RESPONSE: The United States denies the allegations in Paragraph 10, and avers that,

5

as of the petition date, the United States had a secured claim of $304,039.44 (not including the liens for penalties against the homestead-exempt interest in the Fairfield property), an estimated unsecured priority claim in the amount of $495,674.88 (for unpaid income taxes for tax years 2016-2019, tax years for which the Debtor has not filed returns), and an unsecured general claim consisting of penalties in the amount of $135,275.16 (which is a lien against the homestead interest).

    11.    *Astor has a value of approximately $650,000 and is subject to the following liens:*

    a. *Astor Condominium Assoc.*............................................*$ 3,496.24*
    b. *Columbus BB &T /Synovus Bank*..................................*$281,988.00*
    c. *Internal Revenue Service* ...........................................*$350,032.50*
    d. *Ferris* ..................................................................*$61,571.28*

RESPONSE: The United States admits that the Trustee's valuation of Astor in Paragraph 11 approximates the price for which the Trustee later sold it: $652,000. The United States admits that the above-referenced parties all claim to have liens on Astor, admits that the United States has secured claim respecting Astor totaling $304,039.44 as of the petition date, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 11.

    12.    *Westborough No. 15 is believed to have a value of $165,827 and is subject to the following liens:*

    a. *Carlton Gardens Condominium Association* ..................*$30,000.00*
    b. *Freedom Mortgage*......................................................*$114,783.52*
    c. *Internal Revenue Service* ...........................................*$350,032.50*
    d. *Massachusetts Department of Revenue* ..........................*$41,307.50*
    e. *Ferris*....................................................................*$55,571.28*

RESPONSE: The United States admits that the Trustee's valuation of Westborough No. 15 in Paragraph 12 approximates the price for which the Trustee sold it: $176,000. The United States admits that the above-referenced parties all claim to have liens on Westborough No. 15, admits that the United States has a secured claim respecting Westborough No. 15 totaling

$$304,039.44 as of the petition date, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12.

*13.     Westborough No.3  is believed to have a value of approximately $170,000 and is subject to the following liens:*
*a.  Freedom Mortgage……………………………………$106,000.00*
*b.  Internal Revenue Service..............................................$350,032.50*
*c.  Massachusetts Department of Revenue ..........................$41,307.50*
*d.  Ferris Development..…….……….……..…..….........................$55,571.28*

RESPONSE:  The United States admits that the Trustee's valuation of Westborough No. 3 in Paragraph 13 approximates the price for which the Trustee sold it: $176,000.  The United States admits that the above-referenced parties all claim to have liens on Westborough No. 3, admits that the United States has a secured claim respecting Westborough No. 3 totaling $304,039.44 as of the petition date, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13.

*14.     The Debtor was also the owner of a certain condominium unit in Ocean City Lofts located at 185 Northeast Fourth Avenue, No. 210, Delray Beach, Florida 33444 (the "Ocean City Unit").*

RESPONSE:  The United States admits the allegations in Paragraph 14.

*15.     The Trustee has been informed that the Ocean City Loft Condominium Association has foreclosed on its lien for unpaid condominium fees and the Ocean City Unit has been sold for an amount in excess of the condominium fees owed. Upon information and belief, the Association is holding the excess proceeds pending a determination as to priority of interest in the proceeds.*

RESPONSE:  The United States admits that the Ocean City Unit was sold prior to the petition date for an amount in excess of the condominium fees, denies the remaining allegations in Paragraph 15 and avers that the funds from the sale above the amounts paid to the condominium association are in the Court registry of the state court in which the condominium association brought its foreclosure action.

*16.     The Trustee believes the following entities claim an interest in the proceeds*

7

*from the sale of the Ocean City Unit:*
> a.  *Synovus Bank/Dovenmuehle*..........................................$160,626.00
> b.  *Internal Revenue Service* .............................................$350,032.00
> c.  *Ferris Development*......................................................$61,571.28

RESPONSE: The United States denies that Synovus Bank claim an interest in the proceeds from the sale of the Ocean City Unit, as Synovus Bank has since assigned its mortgage on the Ocean City Unit to RH Fund XX, LLC, and because the property was sold subject to the mortgage. The United States also was not a proper party to the state court foreclosure action as the federal tax liens had priority over the condominium association's liens. However, insofar as the Court or another court of competent jurisdiction finds that the United States' liens no longer attach to the Ocean City Unit, the United States admits that federal tax liens attach to the proceeds of sale of the Ocean City Unit. Otherwise, the federal tax liens attach only to any surplus proceeds to which the Debtor remained entitled after the sale. The United States is without knowledge sufficient to admit or deny whether Ferris Development has a valid lien.

*17.     Internal Revenue Service asserts liens on all of the real property of the Debtor. The Massachusetts Department of Revenue asserts a lien on the Fairfield property and each of Westborough No.3 and Westborough No. 15.*

RESPONSE: The United States admits the allegations in Paragraph 17.

*18.     The order in which the Debtor's real properties are liquidated and the proceeds from such a liquidation are distributed will determine whether there is equity in the property for the benefit of the Estate.*

RESPONSE: The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18.

*19.     On December 26, 2019, Ferris obtained a lien on certain real property of the Debtor by recording mortgages on the Fairfield, Westborough No.3 and Westborough No. 15 properties (the "Massachusetts Mortgages").*

RESPONSE: The United States admits the allegations in Paragraph 19.

*20.     On January 15, 2020, Ferris obtained a lien on real property of the Debtor by*

8

*recording mortgages on the Ocean City Unit and the Astor Unit properties (the "Florida Mortgages").*

RESPONSE: The United States admits the allegations in Paragraph 20, without prejudice to any contention that the lien is avoidable.

## COUNT I

(For A Judgment To Compel The Internal Revenue Service And The Massachusetts Department Of Revenue To Marshall)

*21. The Trustee realleges and repeats the allegations contained above and by reference incorporates them herein.*

RESPONSE: The United States incorporates by reference its responses to the Trustees' allegations, above, as if they were fully set forth herein.

*22. The Trustee, by reason of the rights granted to him pursuant to 11 U.S.C. § 544(a), has the rights and powers of a hypothetical lien creditor with respect to the real properties of the Debtor.*

RESPONSE: The United States admits that § 544 grants the Trustee the rights and powers of a hypothetical judgment lien creditor as of the petition date.

*23. The Trustee and the Internal Revenue Service assert liens on all of the Debtor's real property and an interest in the proceeds from the sale of the Astor Unit. The Trustee, Internal Revenue Service and the Massachusetts Department of Revenue each assert a lien on the property of the Debtor located in Massachusetts.*

RESPONSE: The United States admits the allegations in Paragraph 23.

*24. The real properties specified in paragraph 8(a)-(d) above and the proceeds from the sale of the Ocean City Unit are property of the Estate.*

RESPONSE: The United States denies the allegations in Paragraph 24 insofar as the real properties in paragraph 8(a)-(d) have been sold but acknowledges that the proceeds are property of the estate. The United States avers that the proceeds from the sale of the Ocean City Unit are only property of the Estate to the extent the Debtor had a right to any surplus (and maintains that such right to any surplus is also subject to the federal tax liens even though the Ocean City

9

Unit remains subject to the federal tax liens).

*25. Pursuant to 11 U.S.C. §522(c)(2)(B), the Internal Revenue Service and Massachusetts Department of Revenue can sell the Fairfield Street property free and clear of the Debtor's homestead and are entitled to the proceeds from the sale of the Fairfield Street property prior to payment to the Debtor on account of the homestead.*

RESPONSE: The United States admits that the Fairfield property is liable during or after the bankruptcy for the federal tax liens and that, if the property is sold, the United States and the Massachusetts Department of Revenue are entitled to the portion of the proceeds that would otherwise be attributable to the Debtor's homestead, and denies the remaining allegations in Paragraph 25.

*26. If the Internal Revenue Service and the Massachusetts Department of Revenue receive proceeds from the sale of the Debtor's properties other than from the Fairfield property, and satisfy or substantially satisfy their obligations from those proceeds, the Estate's interest in the Fairfield Street property will be subject to the Debtor's homestead exemption, and the equity created in the Fairfield Street property will benefit only the Debtor, to the substantial detriment of the Estate.*

RESPONSE: The United States admits that, if the federal tax liens are satisfied from property other than the Fairfield property, the equity in that property that is subject to the Debtor's homestead exemption will not be payable to creditors other than those creditors set forth in Massachusetts law as able to pierce a homestead exemption, and lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 26.

*27. Compelling the Internal Revenue Service and the Massachusetts Department of Revenue to satisfy their liens from the sale of the Fairfield property prior to seeking satisfaction of the liens from any sale of the Debtor's other properties will not impair the Internal Revenue Service or the Massachusetts Department of Revenue's rights to obtain satisfaction of their obligations in full.*

RESPONSE: The United States denies that requiring the United States to satisfy its liens first from the proceeds of sale of the Fairfield property will not impair the United States' right to obtain full payment of its liens because compelling the United States to conduct a lien-

enforcement action constitutes impairment regardless of whether the property has sufficient value to fully satisfy the liens of both the United States and Massachusetts, denies that the Trustee has authority to require the United States to marshal its liens and collect from the Fairfield property outside of bankruptcy, and lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 27. However, the United States admits that if the Fairfield property is sold by the Trustee, then ordering the distribution of its proceeds to the IRS (and MDOR) before the distribution of the proceeds of other properties will not impair the government's rights provided that the United States' right to apply the exempt proceeds to penalties first is not interfered with.

*28. Compelling such a priority of distribution will substantially benefit the Estate by the resulting equity in the proceeds from the sale of the Debtor's other assets.*

RESPONSE: The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 in part because it does not understand what is meant by "compelling such a priority of distribution." If this refers only to the Trustee's selling the Fairfield property and distributing its proceeds before distributing the proceeds of other properties, the United States admits that the estate is likely to benefit because the exempt part of the Fairfield proceeds available to the IRS will likely exceed the penalties.

*29. Compelling the foregoing priority distribution from the sale of the assets will not result in any injustice to the Debtor or any third persons.*

RESPONSE: The United States admits that, based on the Debtor's failure to remain current with the mortgage payments, real estate taxes, and condominium fees with regard to the Fairfield property and his failure to comply with the United States' attempts to determine his tax liabilities, it would not be unjust to the Debtor for the Trustee to sell the Fairfield property and distribute the proceeds to creditors in the proper order of priority, and lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 29.

*30. Conversely, to allow the Internal Revenue Service and the Massachusetts Department of Revenue to receive a priority distribution as against the Debtor's properties other than from the Fairfield property will result in a windfall for the Debtor because his homestead exemption is currently subject to the liens of the Internal Revenue Service and the Massachusetts Department of Revenue. Allowing payment by the Internal Revenue Service and the Massachusetts Department of Revenue from properties other than the Fairfield property will create equity in the Fairfield property for the Debtor's sole benefit, and cause the unsecured creditors to receive a significantly reduced portion of available funds.*

RESPONSE: The United States admits the allegations of paragraph 30.

*31. Nor will requiring the Internal Revenue Service and the Department of Revenue to proceed against the Fairfield Street property first result in any prejudice to Ferris because its liens on the Debtor's property are avoidable as preferential transfers. Accordingly, the Trustee requests that the Court exercise its equitable powers to compel the Internal Revenue Service and the Massachusetts Department of Revenue to marshal their collateral and proceed first to enforce their lien against the Fairfield property so as to maximize the value that the Estate will receive from the sale of the Debtor's property, to the benefit of the Estate's creditors.*

RESPONSE: The United States denies that the federal tax liens are "avoidable as preferential transfers" and denies that the Trustee is entitled to an Order compelling the United States to proceed against the Fairfield property outside of bankruptcy (or deprive the United States of any right it otherwise has because the United States declines to proceed against the Fairfield property outside bankruptcy) and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31.

## COUNT II

(For Declaratory Relief)

*32. The Trustee repeats and realleges the allegations contained above and by reference incorporates them herein.*

RESPONSE: The United States incorporates by reference its responses to the Trustees' allegations, above, as if they were fully set forth herein
.
*33. To the extent the Internal Revenue Service, the Massachusetts Department of Revenue, Ferris or the Debtor oppose the Trustee's request that the Internal Revenue Service and the Massachusetts Department of Revenue first enforce their liens against the Fairfield Street property, an actual controversy exists for which the Trustee is entitled to a Declaratory Judgment compelling the Internal Revenue Service and the Massachusetts*

12

*Department of Revenue to marshall.*

RESPONSE: The United States denies that the Trustee is entitled to a declaratory judgment against the United States, and avers that any such relief is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201. To the extent that paragraph 33 is seeking an order "compelling the Internal Revenue Service . . . to marshall," and thus not declaratory, the United States maintains that § 544(a)(1) does not give the Trustee a right to such relief because it does not according him any greater rights or powers than a state-law judgment lien creditor.

## *COUNT III*

*(Against Ferris To Avoid Mortgages As A Preference And Preserve Those Liens For The Benefit Of The Estate)*

34. *The Trustee repeats and realleges the allegations contained above and by reference incorporates them herein.*

RESPONSE: The United States incorporates by reference its responses to the Trustees' allegations, above, as if they were fully set forth herein.

35. *The Massachusetts Mortgages and the Florida Mortgages (collectively, "the Mortgages") were granted by the Debtor to Ferris within ninety (90) days of the commencement of the Debtor's chapter 7 case at a time when the Debtor was insolvent.*

RESPONSE: The United States admits that the Mortgages were granted within 90 days of the petition date, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 35.

36. *The Mortgages secured antecedent unsecured debt or primarily antecedent of the Debtor to Ferris.*

RESPONSE: The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36.

37. *To the extent that the Mortgages did not secure debt on account of contemporaneous value provided to the Debtor, the Mortgages will allow Ferris to recover more than it otherwise would have received if the Mortgages had not been granted and Ferris*

13

*received a distribution as an unsecured creditor in this Chapter 7 case.*

RESPONSE: The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37.

*38.    The Trustee may avoid the Mortgages granted to Ferris in whole or in part pursuant to 11 U.S.C. § 547 while preserving the liens created by the Mortgages for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551 of the Bankruptcy Code.*

RESPONSE: The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36.

WHEREFORE, the United States requests that the Trustee take nothing by Counts I and II of his adversary complaint, and for such other relief as the Court deems proper (and has no opposition to the relief sought in Count III against Ferris).

    Respectfully submitted,

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General

    */s/ Bradley A. Sarnell*
    BRADLEY A. SARNELL
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Washington, D.C. 20044
    202-307-1038 (v)
    202-514-5238 (f)
    Bradley.A.Sarnell@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on this 19th day of October, 2020, I electronically filed the foregoing Defendant United States' Answer To Adversary Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users. There are no parties which require conventional service.

                                                 */s/Bradley A. Sarnell*
                                                 BRADLEY A. SARNELL
                                                 Trial Attorney
                                                 United States Department of Justice, Tax Division